United States District Court
Southern District of Texas

**ENTERED**

May 29, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANGEL ZAMUDIO JACINTO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-201 |
| | § | |
| WARDEN, EL VALLE DETENTION CENTER, | § | |
| *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Angel Zamudio Jacinto is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging that such detention violates the Due Process Clause of the Fifth Amendment.  Petitioner asserts multiple challenges to his detention.  First, Petitioner alleges that this constitutional provision prohibits Respondents from detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond.  Second, he alleges that Respondents' policy violates equal protection principles encompassed by the Fifth Amendment's Due Process Clause, as established in *Bolling v. Sharpe*, 347 U.S. 497 (1954).  Third, he challenges the procedures Respondents applied to arrest him.  And fourth, Petitioner asserts that the circumstances of his detention violate the Suspension Clause.

Based on the record and the applicable law, the Court concludes that Petitioner does not present a viable claim for the relief that he requests.

1 / 5

## I.    Due Process Challenge[1]

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite detention without individualized determination of individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond.  Other courts have considered and rejected substantively-similar arguments. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, such as his length of residence within the United States and his clean criminal record.  But he presents no binding authority supporting his claim that these circumstances present a viable as-applied due process challenge.

---

[1] To the extent that Petitioner alleges a statutory argument regarding the application of Section 1225(b)(2)(A), the Fifth Circuit has foreclosed such a claim. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–*see, e.g.*, *Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

### II.    Equal Protection Claim

Petitioner also alleges that "Petitioner is similarly situated, for custody purposes, to other noncitizens in [8 U.S.C. § 1229a] proceedings who have no criminal convictions and no record of violence or dangerous behavior[,]" but that "Petitioner alone is categorically denied access to any individualized custody review." (Pet., Doc. 1, ¶ 116)  He claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction.").  While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others.  In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.  As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

3 / 5

### III.  *Accardi* Claim

Petitioner also alleges that Respondents "failed to follow immigration-specific arrest and processing regulations" when detaining him, mandating relief under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267–68 (1954). (Pet., Doc. 1, ¶ 140)

"It is a given of administrative law that agencies must follow their own regulations." *Nat'l Auto. Dealers Ass'n v. Fed. Trade Comm'n*, 127 F.4th 549, 553 (5th Cir. 2025).  But "the proper vehicle for such claims is the Due Process Clause." *Ayala Chapa v. Bondi*, 132 F.4th 796, 799 n.3 (5th Cir. 2025).  The Court has concluded that Petitioner does not present a viable claim under that constitutional provision, which would also defeat the alleged *Accardi* claim.

### IV.  Suspension Clause Claim

Finally, Petitioner alleges a claim based on the Suspension Clause. (*See* Pet., Doc. 1, ¶¶ 127–137; Statement, Doc. 4, 2)  That constitutional provision provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. ART. I, § 9, cl. 2.  Petitioner's cause of action based on this provision fails because the Court is considering Petitioner's habeas action—i.e., no suspension of the writ has occurred.  Notably, the Court has exercised jurisdiction over Petitioner's habeas action, but concluded that he presents no viable claim in habeas.  The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded.  Other federal district courts considering similar claims based on the Suspension Clause have reached a similar conclusion. *See, e.g.*, *Ahmed v. S. La. Processing Ctr, et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

## V.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to relief.  Accordingly, it is:

**ORDERED** that Petitioner Angel Zamudio Jacinto's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 29, 2026.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge